UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA M. ROSS,<br>           Plaintiff,<br><br>        v.<br><br>JHON ARENESTOS,<br>           Defendant. | Case No. 21-cv-05293-PJH<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 11 |

       Before the court is plaintiff Theresa M. Ross' request for a temporary restraining order, entered on August 27, 2021. Having read plaintiff's papers and carefully considered her arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's request for the following reasons.

       Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant or her attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b).

1    "A preliminary injunction is 'an extraordinary and drastic remedy, one that should
2    not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"
3    Lopez v. Brewer, et al., 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis
4    in original).  The standard for issuing a TRO is similar to that required for a preliminary
5    injunction.  See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d
6    1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).  "A plaintiff seeking a preliminary
7    injunction must establish that he is likely to succeed on the merits, that he is likely to
8    suffer irreparable harm in the absence of preliminary relief, that the balance of equities
9    tips in his favor, and that an injunction is in the public interest." Winter v. Natural
10   Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

11   Here, plaintiff makes no showing that she has satisfied the notice requirement of
12   Rule 65(a)(1) or otherwise complied with Rule 65(b).  Plaintiff has not established any of
13   the factors under Winter to otherwise warrant a preliminary injunction or TRO, such as
14   likelihood of success on the merits or irreparable harm, because she has failed to make
15   clear what relief she seeks.  Furthermore, plaintiff has not yet stated a viable claim or
16   subject matter jurisdiction for the case overall.  Because plaintiff sought leave to proceed
17   in forma pauperis, the complaint is subject to review under Title 28 U.S.C. §
18   1915(e)(2)(B).  The Report & Recommendations reviewing the complaint (Dkt. 12) has
19   not yet been adopted or rejected, and it is thus not yet established whether plaintiff states
20   a case that may proceed in this court.  For all these reasons, plaintiff's request for a TRO
21   is DENIED without prejudice.

22   The court advises plaintiff that the District Court has produced a guide for self-
23   represented/pro se litigants called Representing Yourself in Federal Court: A Handbook
24   for Pro Se Litigants, which provides instructions on how to proceed at every stage of a
25   case, including discovery, motions, and trial.  It is available electronically online
26   (https://cand.uscourts.gov/wp-
27   content/uploads/2020/02/Pro_Se_Handbook_2020_links.pdf).

28   The court also advises plaintiff that assistance is available through the Legal Help

Center. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis, and it does not represent parties in their cases. There is no charge for this service. The Help Center's website is available at https://cand.uscourts.gov/legal-help.

**IT IS SO ORDERED.**

Dated: August 30, 2021

>  */s/ Phyllis J. Hamilton*
>  PHYLLIS J. HAMILTON
>  United States District Judge